UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Charles Arthur Banks,                       ) C/A No. 9:10-785-CMC-BM
                                            )
                    Plaintiff,              )
                                            )
vs.                                         )
                                            )
                                            ) Report and Recommendation
                                            )
State of SC; Co of Berkeley;                )
Family Court; DSS;                          )
Pamela S. Mullins;                          )
Paul Labarron;                              )
John Doe; and                               )
Jane Doe,                                   )
                                            )
                    Defendants.             )

This is a civil action filed *pro se* by a detainee in Berkeley County's Hill-Finklea Detention Center. Plaintiff alleges that he was subjected to "lack of consideration, fraudulent, and discrimination" (Compl. 2) in a proceeding brought against him in the Family Court of the Ninth Judicial Circuit (Family Court) by the South Carolina Department of Social Services' Office of Child Support Enforcement (DSS), which resulted in his being held in contempt of court for failing to pay child support and his being "sentenced . . . to no more than one year in jail." (Compl. 4). This appears to have been a "show cause hearing" before the Ninth Circuit Family Court.[1] Plaintiff

---

[1] The Ninth Judicial Circuit consists of Charleston and Berkeley Counties. The website of the Child Support Enforcement Division of the South Carolina Department of Social Services (http://www.state.sc.us/dss/csed/enforce.htm) describes the procedure followed in a Rule to Show Cause Hearing:

> When a non-custodial parent does not make child support payments as ordered by the court, the judge will require that he/she appear before the court and explain why payments are not being made as ordered. If the non-custodial parent cannot provide



1

alleges that, on January 10, 2010, he was moved from the Charleston County Detention Center (where he was awaiting transfer to Virginia) to the Berkeley County Detention Center (the detention center), and served with a bench warrant for failure to pay child support. He alleges that he was taken before a Family Court judge the next day, but that the judge gave him no opportunity to say that he has no children in South Carolina and gave him no consideration "for paying here and there" before finding him in contempt and sentencing him to jail. (Compl. 3).[2]

Plaintiff further alleges that he was diagnosed with high blood pressure on/about January 15, 2010 upon being formally admitted to the detention center by the Family Court. He complains that he did not obtain medication for his condition until on/about February 2, 2010, after repeated

---

> a valid reason for not making the child support payments as ordered, the judge may order one of the enforcement remedies listed on this page. In addition, the judge has the ability to fine the non-custodial parent up to $1,500 and/or sentence the non-custodial parent to up to a year in jail for failure to pay child support. If the non-custodial parent can provide a valid reason for not making the child support payments as ordered, the judge and the CSED staff will advise the non-custodial parent of the alternatives available in his/her case. If the non-custodial parent fails to appear for the Rule to Show Cause Hearing, the judge will issue a bench warrant for the arrest of the non-custodial parent.

[2] Under South Carolina Code of Laws § 63-3-620, an adult who wilfully violates, neglects, or refuses to obey or perform a lawful order of the family court, or who violates any provision of the Family Court Title of the SC Code of Laws (Title 63):

> may be proceeded against for contempt of court. An adult found in contempt of court may be punished by a fine, a public work sentence, or by imprisonment in a local correctional facility, or any combination of them, in the discretion of the court, but not to exceed imprisonment in a local correctional facility for one year, a fine of fifteen hundred dollars, or public work sentence of more than three hundred hours, or any combination of them. An adult sentenced to a term of imprisonment under this section may earn good time credits pursuant to Section 24-13-210 and work credits pursuant to Section 24-13-230 and may participate in a work/punishment program pursuant to Section 24-13-910 unless his participation in any of these programs is prohibited by order of the sentencing judge.



2

requests. He claims that the delay in receiving his medication was caused by the fact that detainees from the family court must rely on their families to take them to the doctor and must pay for any prescriptions on their own. Plaintiff also complains about the living conditions in the detention center - overcrowded cells infested with ants; no mattresses, linens, towels or wash cloths; inadequate and unsanitary showers and shavers; disrespectful and cruel treatment by officers and administrators - alleging that he was "denied of proper essentials," "denied of medical attention," and "had no rights at all," while being subjected to cruel and unusual punishment without any grievance process. (Compl. 5).

Finally, Plaintiff asserts that information is being withheld from him about his Family Court case, despite his submission of Freedom of Information Act (FOIA) requests to "both states," "Family Court, the N. Charleston office" [of the South Carolina Department of Social Services' Office of Child Support Enforcement], and three detention center officers who are not named as defendants in this case. (Compl. 4). Plaintiff seeks "for the courts to drop all charges" and "to be compensated $250,000 per day for being held fraudulent and against false charges." (Compl. 5).

## *Pro Se* Review

Plaintiff's Complaint has been liberally construed as an attempt to allege claims for relief under 42 U.S.C. § 1983 based on the allegedly incorrect and injurious result in his Family Court proceeding and based on the allegedly inhumane conditions of his confinement at the detention center.[3] Under established local procedure in this judicial district, a careful review has been made

---

[3] 42 U.S.C. § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.



3

of Plaintiff's *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, the Prison Litigation Reform Act (PLRA) of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B). The requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[4]

---

*McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996)(emphasis added).

[4] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

4

## Discussion

In order to state a claim for relief under 42 U.S.C. § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *Monroe v. Page*, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law, therefore, a defendant in a § 1983 action must qualify as a "person." In *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989), the United States Supreme Court held that neither a state, a state agency, nor a state official in his or her official capacity is a "person" for purposes of a § 1983 damages action. *Will*, 491 U.S. at 71. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974) (when a state is the real party in interest because damages are sought from it, the state is entitled to protection from award by sovereign immunity). State officers sued in their official capacities "assume the identity of the government that employs them," and, thus, are not "persons" under the meaning of § 1983. *Hafer v. Melo*, 502 U.S. 21, 27 (1991).

Moreover, the Eleventh Amendment to the United States Constitution bars suits for damages and retrospective relief against a state or its subdivisions under § 1983.[5] *See Quern v. Jordan*, 440 U.S. 332 (1979); *Edelman v. Jordan*, 415 U.S. at 663. The Eleventh Amendment

---

[5] Plaintiff's Complaint makes no claims for declaratory or prospective injunctive relief that this Court may grant. To the extent that his request "for the Courts to drop all charges against [him]" could be construed as a request for prospective injunctive relief, it is clear that this Court cannot grant such relief because to do so would require interference with a state judicial process. *See, e.g., Younger v. Harris*, 401 U.S. 37 (1971); *Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 50-53 (4th Cir. 1989).



5

divests this Court of jurisdiction to entertain suits against the State of South Carolina and its integral parts, which are brought by citizens of South Carolina or citizens of another state, based on the following provision:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Florida Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)(reaffirming *Hans v. Louisiana*, 134 U.S. 1, 10 (1890) (holding that a citizen could not sue a state in federal court without the state's consent); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984)(although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *Will v. Michigan Dep't of State Police*, 491 U.S. at 61-71; *Edelman v. Jordan*, 415 U.S. at 663 (stating that "when the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its [Eleventh Amendment] sovereign immunity from suit even though individual officials are nominal defendants")(quoting *Ford Motor Co. v. Dep't. of Treasury*, 323 U.S. 459, 464 (1945)); *see also Harter v. Vernon*, 101 F.3d 334, 338-39 (4th Cir. 1996); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. South Carolina Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. South Carolina Bd. of Corrections*, 460 F. Supp. 805, 808-09 (D.S.C. 1978).



6

Under *Pennhurst*, 465 U.S. at 99 n. 9, a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court. *See* Section 15-78-20(e) of the South Carolina Code of Laws, part of the South Carolina Tort Claims Act, which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state. *See also McCall v. Batson*, 285 S.C. 243, 329 S.E.2d 741, 743 (1985)(Opinion abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities."). *Cf. Pennhurst*, 465 U.S. at 121 ("[N]either pendent jurisdiction nor any other basis of jurisdiction may override the Eleventh Amendment.").

Courts have also held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969)(California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp.2d 307, 310 (E.D. Va. 1999)("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Additionally, use of the term "staff" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions. *See Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 U.S. Dist. LEXIS 48726 (E.D. Va. June 25, 2008).



7

Accordingly, the State of South Carolina, the Family Court of the Ninth Judicial Circuit of South Carolina, and the South Carolina Department of Social Services are not "persons" for purposes of Plaintiff's § 1983 claim. *See Will v. Mich. Dep't of State Police*, 491 U.S. at 71. These Defendants are also entitled to summary dismissal as party Defendants based on the Eleventh Amendment's grant of sovereign immunity to the State of South Carolina and its integral parts. *See Florida Dep't of State v. Treasure Salvors, Inc.*, 458 U.S. 670, 684 (1982) (state agencies are arms of the state and entitled to Eleventh Amendment immunity); *Mt. Healthy City Board of Ed. V. Doyle*, 429 U.S. 274, 280 (1977) (same); *Ram Ditta v. Maryland Nat'l Capital Park & Planning Comm'n*, 822 F.2d 456, 457 (4th Cir. 1987) (same).

With respect to the remaining Defendants, to the extent that the Complaint names Berkeley County, Pamela S. Mullins, Paul Labarron, John Doe, and Jane Doe as Defendants, who all may be considered "persons" and who, without additional facts, do not appear to be entitled to any form of immunity from suit, Plaintiff's complaint is in violation of the directive in Federal Rule of Civil Procedure 8(a) that pleadings shall contain "short and plain statement[s]" of the basis for the court's jurisdiction and of the basis for a plaintiff's claims against each defendant. It is also frivolous. Although Plaintiff makes many complaints about his Family Court case and the conditions of his confinement in the detention center, he fails to provide the Court with any type of sufficient factual background to hold any of the named Defendants liable for any of the claims he attempts to raise. Specifically, Plaintiff does not state which Defendant or Defendants are/were involved in the alleged "lack of consideration, fraudulent, and discrimination" in the Family Court or which Defendants "denied [him] of proper essentials," "denied [him] of medical attention," and/or treated Plaintiff as if he "had no rights at all" in the detention center. Therefore, it is impossible for

8

the Court to determine which, if any, Defendant might be liable for which alleged problem that Plaintiff experienced.

Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain"statement of the claim, a plaintiff must "offer more detail . . . than the bald statement that he has a valid claim of some type against [some] defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted). Also, although we are bound to liberally construe Plaintiff's *pro se* Complaint, Plaintiff must do more than make mere conclusory statements to support his claims. *Brown v. Zavaras*, 63 F.3d 967 (10th Cir. 1995); *see Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994)(affirming district court's dismissal of plaintiff's suit as frivolous where allegation was conclusory and nonsensical on its face); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989)(same, where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion").

Under 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a prisoner which is "frivolous" or "fails to state a claim on which relief may be granted," and since there are no allegations whatsoever of any wrongdoing on the part of Defendants Berkeley County, Mullins, Lebarron, or Doe, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted as to these Defendants. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389n. 2 (dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir. Feb. 18, 2003). It is well settled that federal courts performing their duties of construing *pro se*

9

pleadings are not required to be "mind readers" or "advocates" for prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278 ; *Gordon v. Leeke*, 574 F.2d at 1151.

Moreover, even if Plaintiff had named a potentially liable Defendant and had included sufficiently clear allegations against them of improprieties in connection with the Family Court matter, which, as stated above, is not the case, his allegations of being subjected to fraudulent and false charges of failure to pay child support which resulted in his being found in contempt of the Family Court would still be subject to summary dismissal under the *Rooker-Feldman* Doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983)(a federal district court lacks authority to review final determinations of state or local courts because such review can only be conducted by the Supreme Court of the United States under 28 U.S.C. § 1257.);[6] *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). This prohibition on review of state court orders by federal district courts is commonly referred to as the *Rooker-Feldman* doctrine or the *Feldman-Rooker* doctrine; *see, e.g., Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005); *Davani v. Va. Dep't of Transport.*, 434 F.3d 712 (4th Cir. 2006); *Ivy Club v. Edwards*, 943 F.2d 270, 284 (3d Cir. 1991); and because the *Rooker-Feldman* Doctrine is jurisdictional, it may be raised by the Court *sua sponte*. *American Reliable Ins. Co. v. Stillwell*, 336 F.3d 311, 316 (4th Cir. 2003).

---

[6] Appeals of orders issued by lower state courts must go to a higher state court, and only the Supreme Court of the United States may review a decision of a state's highest court. *See* 28 U.S.C. § 1257(since 1988, such Supreme Court review is discretionary by way of a writ of certiorari and is not an appeal of right); *see Ernst v. Child and Youth Servs.*, 108 F.3d 486, 491(3d Cir. 1997) . In civil, criminal, and other cases, the Supreme Court of the United States has reviewed decisions of the Supreme Court of South Carolina that were properly brought before it under 28 U.S.C. § 1257 or that statute's predecessors. *e.g., Lucas v. South Carolina Coastal Council*, 505 U.S. 1003 (1991) (an example of a South Carolina Supreme Court case that was reviewed by the United States Supreme Court).

10

According to the Fourth Circuit, "the *Rooker-Feldman* doctrine applies . . . when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 713 (4th Cir. 2006); *cf. Ruttenberg v. Jones*, 2008 WL 2436157 (4th Cir. June 17, 2008)(reversing a *Rooker/Feldman* dismissal). Plaintiff's submission of the Complaint in this case, claiming a right to have all charges against him dropped and to receive compensation for the State of South Carolina's allegedly improper pursuit of state court litigation against Plaintiff in Family Court, is nothing more than an attempt to have this Court review state court proceedings that took place in the Family Court of the Ninth Judicial Circuit of South Carolina in January 2010. *See Anderson v. Colorado*, 793 F.2d 262, 263 (10th Cir. 1986)("[I]t is well settled that federal district courts are without authority to review state court judgments where the relief sought is in the nature of appellate review."); *see also Hagerty v. Succession of Clement*, 749 F.2d 217, 219-20 (5th Cir. 1984)(collecting cases). Plaintiff is clearly claiming that he has been injured by the result of state court decisions made in a child support enforcement action, and that he is entitled to damages and other relief because of that injury. To rule in favor of Plaintiff on his claims in connection with the state court proceedings would, necessarily, require this Court to overrule (or otherwise find invalid) various orders and rulings made in the courts of the State of South Carolina. These are precisely the types of claims that the *Rooker-Feldman* Doctrine precludes. *See Willner v. Frey*, 243 Fed. Appx. 744 (4th Cir. 2007); *Davani*, 434 F.3d at 719-20; *see Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. at 293-94; *Jordahl v. Democratic Party of Va.*, 122 F.3d at 201.

As to any possible FOIA claim, *see* 5 U.S.C. § 552 *et seq*, relating to "valuable information being withheld concerning [his] case" before the Family Court, (Compl. 4), such claim

11

would be outside this Court's jurisdiction to consider. It is settled that the FOIA is applicable to agencies or departments of the Government of the United States, and is not applicable to agencies or departments of a state. Since Plaintiff does not name any federal official or agency as a Defendant and does not claim to have sought information about a federal matter, no viable FOIA claim is stated. *See, e.g., Grand Cent. Partnership, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999) ("it is beyond question that FOIA applies only to federal and not to state agencies"); *Philip Morris, Inc., v. Harshbarger*, 122 F.3d 58, 83 (1st Cir. 1997) ("FOIA . . . applies only to federal executive branch agencies"); *St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373 (9th Cir. 1981) (definition of "agency" under FOIA "does not encompass state agencies or bodies"); *Johnson v. Wells*, 566 F.2d 1016, 1018 (5th Cir. 1978) (state board of parole not agency within meaning of FOIA).

Finally, with regard to Plaintiff's allegations about the conditions of his confinement, even if Plaintiff had named a potentially liable Defendant and had included sufficiently clear allegations of personal responsibility for the conditions against them, which, as stated above, is not the case, those allegations fail to state a viable § 1983 claim of cruel and unusual punishment or medical indifference. Although prisoners retain many constitutional rights, it has been recognized that incarceration inherently limits certain constitutional rights of prisoners. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). The United States Supreme Court has held that prison officials have a duty under the Eighth Amendment to provide humane conditions of confinement: they must ensure adequate food, clothing, shelter and medical care, and must take reasonable measures to guarantee the safety of inmates. This duty extends to detainees in detention centers under the Fourteenth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However,

the Prison Litigation Reform Act of 1996 (PLRA) placed an important limitation upon all actions arising from prison conditions, requiring proof of "physical injury" arising from the allegedly unconstitutional condition. Specifically, under 42 U.S.C. § 1997e(e), no recovery of monetary damages is allowed for emotional stress:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Plaintiff's allegations about his conditions of confinement in the detention center make no mention of any physical injury allegedly suffered by Plaintiff from the time that he slept on the floor or in crowded conditions or from the brief time that he had to wait to get his blood pressure medication. Without an allegation of physical injury, § 1997(e) precludes any recovery for the conditions of which Plaintiff complains. Further, in the absence of a Defendant who could be held liable and of any injury arising from these conditions, the Complaint fails to state a viable conditions of confinement claim upon which relief can be granted.

With respect to medical care, a prisoner seeking compensation in a case brought under 42 U.S.C. § 1983 "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken, but the Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson*



13

*v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988)(emphasis added). *Cf. Whitley v. Albers*, 475 U.S. 312, 320 (1986)(a state's responsibility to attend to the medical needs of prisoners does not ordinarily clash with other equally important governmental responsibilities); *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga.. 1994) [Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary] (collecting cases); *see Walker v. Peters*, 863 F. Supp. 671 (N.D. Ill.1994)(under *Farmer v. Brennan*, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice").

In this case, it is clear from Plaintiff's allegations that the detention center's medical staff *did* provide him with medical care and prescription medication, and he does not allege that he became sick or otherwise suffered any harm because of any delay in his receipt of this document. *See* 42 U.S.C. § 1997(e). Hence, while a defendant's actions in this case - if any proper defendants had been named by Plaintiff in his Complaint - might arguably constitute a sufficient basis on which to bring a negligence or malpractice case, no medical indifference has been alleged and no constitutional violation has been shown. It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106; *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly* : "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]"). 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law; *see, e.g., Brooks v. Celeste*, 39 F.3d 125 (6th

Cir.1994)(Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994)("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); and this claim should therefore be dismissed.

### Recommendation

Accordingly, it is recommended that the Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. See *Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*; *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh*; *Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

May 6, 2010
Charleston, South Carolina

15

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "'[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).



16